UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>        and<br>the STATES OF COLORADO, LOUISIANA, NEW JERSEY, OKLAHOMA, and TEXAS,<br>    Plaintiff-Interveners,<br><br>    v.<br><br>VALERO REFINING COMPANY, ET AL., and TESORO REFINING AND MARKETING CORPORATION,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ NO. SA-05-CA-0569-OLG<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OF LAW IN SUPPORT OF THE
## JOINT UNOPPOSED MOTION TO TERMINATE CONSENT DECREE

Defendant Alon Refining Krotz Springs, Inc. ("Alon"), formerly Valero Refining Company – Louisiana ("VRCL"), Plaintiff the United States of America, and Plaintiff-Intervener the State of Louisiana (collectively, "Movants") have filed a Joint Unopposed Motion to Terminate the Consent Decree entered on November 23, 2005 (Doc. No. 37) in the above-captioned matter ("Valero Consent Decree") for the petroleum refinery in Krotz Springs, Louisiana ("Krotz Springs Refinery").[1]  As set forth below, Alon has certified to Plaintiff the United States of America and to Plaintiff-Intervener the State of Louisiana that, for the Krotz Springs Refinery, Alon is in compliance with all provisions contained in the Valero Consent

---

[1] While termination of the Valero Consent Decree as to the Krotz Springs Refinery does not affect the non-moving State Plaintiff-Interveners (Colorado, New Jersey, Oklahoma, and Texas), the United States consulted with their counsel and represents that those States do not object to the Joint Unopposed Motion to Terminate the Consent Decree.  This Court terminated the Consent Decree as to additional Defendant Tesoro Refining & Marketing Company LLC on December 14, 2016 (Doc. No. 45).

Decree and has satisfied the conditions that are required for termination of the Valero Consent Decree. Accordingly, the Movants respectfully request that this Court terminate the Valero Consent Decree as it pertains to Alon and the Krotz Springs Refinery.

## I.   STATEMENT OF FACTS

On November 23, 2005, this Court entered the Valero Consent Decree (Doc. No. 37) resolving the United States' and the Plaintiff-Interveners' claims for civil penalties and injunctive relief for alleged violations of the Clean Air Act at the petroleum refineries owned and/or operated by Valero at that time, including the Krotz Springs Refinery.

On July 7, 2008, Alon acquired the stock of VRCL from Valero. Alon notified Plaintiff the United States of America and Plaintiff-Intervener the State of Louisiana of the stock acquisition in a letter sent on August 28, 2008. Alon now operates the Krotz Springs Refinery under the name Alon Refining Krotz Springs, Inc.

Paragraph 359 of the Valero Consent Decree establishes the requirements for termination of the decree. Paragraph 359 states:

> The Consent Decree shall be subject to termination upon motion by the United States or Valero or Tesoro, as applicable, under the conditions identified in Paragraph 363 below. Prior to seeking termination, Valero or Tesoro, as applicable, must have completed and satisfied all of the following requirements of this Consent Decree:
>
> a. Installation of control technology systems as specified in this Consent Decree;
> b. Compliance with all provisions contained in this Consent Decree, which compliance may be established for specific parts of the Consent Decree in accordance with Paragraph 360 below;
> c. Payment of all penalties and other monetary obligations due under the terms of the Consent Decree; no penalties or other monetary obligations due hereunder can be outstanding or owed to the United States or the Plaintiff-Interveners;
> d. Completion of the Supplemental Environmental Projects as set forth in Part XIX; and

     e.   Application for and receipt of permits incorporating the emission limits and standards required by Part XIV [Permits].

Paragraph 363 establishes the process for termination of the Valero Consent Decree:

> At such time as Valero or Tesoro, as applicable, believes that it has satisfied the requirements for termination set forth in Paragraph 359, it shall certify such compliance and completion to the United States and the Plaintiff-Interveners in writing. Unless either the United States or any Plaintiff-Intervener objects in writing with specific reasons within 120 days of receipt of Valero's or Tesoro's certification under this paragraph, Valero shall then move and the Court may order that this Consent Decree be terminated. If either the United States or any Plaintiff-Intervener objects to the certification by Valero or Tesoro, as applicable, then the matter shall be submitted to the Court for resolution under Part XXIII (Dispute Resolution) of this Consent Decree.

Alon has satisfied Consent Decree termination requirements with regards to the Krotz Springs Refinery, which it currently owns and operates. As required by Paragraph 363 of the Valero Consent Decree, in three letters dated April 3, 2015, June 11, 2015, and April 26, 2016, Alon certified the Krotz Springs Refinery's compliance with the Valero Consent Decree to the United States and the Plaintiff-Intervener the State of Louisiana. See Exhibit 1, Certification of Compliance (April 3, 2015); Exhibit 2, Certification of Compliance (June 11, 2015); Exhibit 3, Certification of Compliance (April 26, 2016).

## II.    ARGUMENT

Termination of the Valero Consent Decree, as it applies to the Krotz Springs Refinery, is appropriate because Alon has satisfied all of the requirements of the Consent Decree, has operated the Krotz Springs Refinery in compliance with emissions limits specified in Paragraph 360 of the Consent Decree for one year prior to the certification of compliance, and has satisfied all requirements for termination of the Consent Decree.

### A. Principles Of Contract Law Compel The Termination Of The Consent Decree.

The Consent Decree is a contract between Alon, the United States, and the Plaintiff-Interveners that must be construed according to basic principles of contract interpretation. *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 238 (1975); *Dean v. City of Shreveport*, 438 F.3d 448, 460 (5th Cir. 2006). These principles require that the Valero Consent Decree be carried out in accordance with the mutual intent of the parties, as found within the four corners of the document. *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971); *Dean*, 438 F.3d at 460. Paragraph 359 of the Consent Decree provides that the Consent Decree shall be subject to termination after Alon satisfies all requirements listed therein and certifies such compliance and completion to the United States and the Plaintiff-Interveners in writing according to Paragraph 363. Alon has satisfied these conditions, making termination of the Consent Decree appropriate.

### B. Alon Has Satisfied the Conditions of Termination.

Alon has satisfied the conditions of termination with regards to the Krotz Springs Refinery. Alon has (1) installed control technology systems as specified in the Consent Decree; (2) complied with all provisions in the Consent Decree that apply to the Krotz Springs Refinery; (3) paid all penalties and other monetary obligations due to the United States or the Plaintiff-Interveners under this Consent Decree;[2] (4) completed the Supplemental Environmental Project as set forth in Part XIX of the Consent Decree; and (5) submitted applications for and received all permits as specified in the Consent Decree. Consent Decree ¶ 359. Additionally, Alon certified compliance in writing for the Krotz Springs Refinery to the United States and the State of Louisiana at least 120 days prior to moving to terminate. Consent Decree ¶ 363.

---

[2] Valero paid the civil penalty due to the United States and State of Louisiana, in accordance with paragraph 310 of the Consent Decree.

4

Accordingly, pursuant to Paragraph 363, this Court should grant the Parties' motion to terminate the Consent Decree as it applies to the Krotz Springs Refinery.

### III. CONCLUSION

As demonstrated herein, this Court should terminate the Valero Consent Decree as it applies to the Krotz Springs Refinery because Alon has satisfied the conditions that are required for termination, and because Plaintiff the United States of America and Plaintiff-Intervener the State of Louisiana agree and join in this motion to seek termination. Accordingly, the Movants respectfully request that this Court grant their Joint Unopposed Motion to Terminate the Valero Consent Decree as to Alon Refining Krotz Springs, Inc.

Dated: June 26, 2017                                  Respectfully submitted,


*/s/ Alexandra Magill Bromer*
Alexandra Magill Bromer (admitted *pro hac vice*)
Perkins Coie LLP
700 13th Street, NW, Suite 600
Washington, DC 20005- 3960
ABromer@perkinscoie.com
Tel: (202) 654-6218
Fax: (202) 654-9946
D.C. Bar No. 978196

*/s/ Kelly D. Hine*
Kelly D. Hine
Perkins Coie LLP
500 North Akard Street, Suite 3300
Dallas, TX  75201-3347
KHine@perkinscoie.com
Tel: (214) 965-7730
Fax: (214) 965-7799
Tex. Bar No. 24002290

Counsel for Alon Refining Krotz Springs, Inc.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

*/s/ Scott M. Cernich*
Scott M. Cernich
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7622
Scott.Cernich@usdoj.gov
Tel: (202) 514-0056
Fax: (202) 616-6584
D.C. Bar No. 479851

RICHARD L. DURBIN, JR.
United States Attorney

*/s/ Susan Strawn*
Susan Strawn
Assistant United States Attorney
U.S. Department of Justice
601 NW Loop 410, Ste 600
San Antonio, TX 78216
SStrawn@usa.doj.gov
Tel. (210) 384-7388
Fax (210)384-7312
Tex. Bar No. 19374330

Counsel for Plaintiff the United States of America


*/s/ Ted R. Broyles, II*
Ted R. Broyles, II
Office of the Secretary
Legal Affairs Division
Louisiana Dept. of Environmental Quality
P.O. Box 4302
Baton Rouge, LA 70821-4302
Ted.Broyles@LA.GOV
Phone: (225) 219-3985
Fax: (225) 219-4068
La. Bar Roll No. 20456

6

                        Counsel for Plaintiff-Intervenor the State of Louisiana

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2017, the foregoing MEMORANDUM OF LAW IN SUPPORT OF THE JOINT UNOPPOSED MOTION TO TERMINATE CONSENT DECREE was served on counsel for the parties in the above-captioned action through the ECF system.

Dated:  June 26, 2017                             */s/ Alexandra Magill Bromer*
                                                              Alexandra Magill Bromer