

**U.S. Department of Justice**
Environment and Natural Resources
Division

90-5-2-1-06811/1

*Environmental Enforcement Section*
*P.O. Box 7611*
*Washington, DC 20044-7611*

*Telephone: (202) 514-0056*
*E-mail: scott.cernich@usdoj.gov*

December 18, 2017

***VIA FEDERAL EXPRESS***

Kirk Saffell, Vice President
Health Safety & Environment
Valero Companies
One Valero Place
San Antonio, TX 78249-1616

Parker Wilson
Vice President – Regulatory Law
Valero Companies
One Valero Place
San Antonio, TX 78249-1616

FILED
DEC 1 9 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

Re:  *United States et al. v. Valero Refining Co. et al.*
       Civil Action No. SA-05-CA-0569-OG, Consent Decree
       *United States et al. v. The Premcor Refining Group Inc. et al.*
       Civil Action No. SA-07-CA-0683-FB, Consent Decree Addendum
       Stipulated Penalty Demand

Dear Messrs. Saffell and Wilson:

The United States Environmental Protection Agency ("EPA") has conducted an evaluation of flaring incident reports submitted by Valero pursuant to the above-referenced Consent Decree and Consent Decree Addendum (collectively, "Consent Decree") for the Valero Port Arthur Refinery (owned by The Premcor Refining Group Inc.) and the Valero St. Charles Refinery (owned by Valero Refining Co. – New Orleans, L.L.C.). The flaring incident reports relate to tail gas and hydrocarbon flaring incidents at the Port Arthur Refinery dating from February 18, 2016, through May 19, 2017, and tail gas incidents at the St. Charles Refinery dating from May 17, 2016, through November 4, 2016. Based on EPA's evaluation, the United States makes a stipulated penalty demand of $54,796.25. The United States makes this demand pursuant to Sections XII.H and XX of the Consent Decree.

The attachments to this letter detail the components of the demand. Attachment A consists of charts summarizing the flaring incidents reported by the Port Arthur Refinery and St. Charles Refinery. Attachment B details EPA's reasoning in calculating the stipulated penalties.

Of this demand, $54,296.25 is assessed for flaring incidents at the Port Arthur Refinery and $500 is assessed for one flaring incident at the St. Charles Refinery. In accordance with Paragraph 321 of the Consent Decree, 50 percent of the demand assessed for the flaring incident at the St. Charles Refinery (*i.e.*, $250) must be paid to the United States and 50 percent to Plaintiff-Intervenor the State of Louisiana. Consent Decree Paragraph 321 requires that the stipulated penalties be paid within 60 days of receipt of this demand, and Paragraph 359.c requires that the penalties be paid prior to seeking termination of the Consent Decree.

To expedite the processing of the payment of stipulated penalties, please clearly identify the Civil Action Number and amount of the penalty both on the check, if paying by check, and in the letter accompanying payment by check or wire transfer. Please also send a copy of the letter accompanying the payment to lundelius.diana@epa.gov.

Please contact me at the above email address or telephone number if you have any questions.

Very truly yours,

*/s/ Scott M. Cernich*

Scott M. Cernich
Senior Counsel

cc:

Richard Walsh
Deputy General Counsel and Senior Vice President
Valero Companies
One Valero Place
San Antonio, TX 78249-1616

Bart E. Cassidy, Esquire
Manko, Gold, Katcher & Fox, LLP
401 City Avenue, Suite 500
Bala Cynwyd, PA 19004

Chief
Air, Toxics, and Inspection Coordination Branch (6EN-A)
Compliance Assurance and Enforcement Division
U.S. Environmental Protection Agency, Region 6
1445 Ross Avenue
Dallas, Texas 75202

United States Attorney
Western District of Texas
c/o U.S. Marshal Service
U.S. Courthouse
655 E. Durango
San Antonio, TX 78206

Administrator Enforcement Division
Office of Environmental Compliance
Louisiana Department of Environmental Quality
P.O. Box 4312
Baton Rouge, Louisiana 70821-4312

Chief, Environmental Enforcement Section
Environment and Natural Resource Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611

Director, Air Enforcement Division (2242A)
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC 20004


cc (electronically):
   Teresa Dykes, U.S. EPA, HQ
   Jody Mack, jmack@matrixneworld.com, Matrix New World Engineering
   Cheryl Barnett, U.S. EPA Region 6
   Diana Lundelius, U.S. EPA Region 6
   Lisa Schaub, U.S. EPA Region 6
   Jessica Chalifoux, Chalifoux.Jessica@epa.gov, U.S. EPA/Cincinnati Finance
      Center
   CINWD_ACCTSRECEIVABLE@epa.gov
   eescasemanagement.enrd@usdoj.gov

## ATTACHMENT A

## U.S. EPA Consolidated Flaring Report Response
## Valero – Port Arthur and St. Charles Refineries
## Tail Gas and Hydrocarbon Flaring Events

The following table provides a summary of the incidents reported and any stipulated penalties that have been assessed:

### Valero Port Arthur Refinery

| Tail Gas Incidents (TGI) | | | | | | |
|---|---|---|---|---|---|---|
| Incident Date | Combustion Source | Report Date | Emission (tons) | Duration (hrs.) | Applicable CD Paragraph | Penalty Amount Assessed |
| 3/11 – 3/12/2016 | SRU-546 | 4/29/2016 | 0.3 | 20.0 | 250.a.[1] | $225.00 |
| 10/12 – 10/13/2016 | SRU-545 | 12/9/2016 | 0.6 | 14.0 | 250.c.[2] | $450.00 |
| 10/25/2016 | SRU-545 | 12/9/2016 | 0.4 | 13.0 | 250.c. | $300.00 |
| 11/26 – 11/28/2016 | SRU-544 | 1/25/2016 | 0.3 | 34.0 | 252.b.[3] | N/A |
| 4/3/2017 | SRU-545 | 6/2/2017 | 0.8 | 15.0 | 252.b. | N/A |
| | | | | | Total | $975.00 |

| Hydrocarbon Flaring Incidents (HCI) | | | | | | |
|---|---|---|---|---|---|---|
| Incident Date | Combustion Source | Report Date | Emission (tons) | Duration (hrs.) | Applicable CD Paragraph | Penalty Amount Assessed |
| 2/18/2016 | Flare 103B | 4/18/2016 | 0.9 | 1.1 | 250.c. | $337.50 |
| 3/25/2016 | Flare 20 | 5/24/2016 | 0.4 | 7.0 | 251.b.[4] | $225.00 |

---

[1] Paragraph 250.a. of the CD applies to incidents where an error resulting from careless operation by the personnel charged with the responsibility for the Sulfur Recovery Plant, TGU, or Upstream Process Units occurs.

[2] Paragraph 250.c. of the CD applies to a failure of a part, equipment or system that is due to a failure by Premcor to operate and maintain that part, equipment or system in a manner consistent with good engineering practice.

[3] Paragraph 252.b. of the CD applies to first-time occurrences. Such incidents are those in which the root cause was sudden and infrequent but reasonably preventable through the exercise of good engineering practices. Stipulated penalties do not apply.

[4] Paragraph 251.b. of the CD applies for incidents that cause the total number of acid gas, tail gas, or hydrocarbon incidents in a rolling twelve-month period to exceed an allowable number.

| | | | | | | |
|---|---|---|---|---|---|---|
| 5/17 – 5/18/2016 | Flare 103 | 7/28/2016 | 7.4 | 32.9 | 252.b. | N/A |
| 5/17 – 5/18/2016 | Flare 20 | 7/28/2016 | 0.7 | 24.4 | 252.b. | N/A |
| 8/2/2016 | Flare 103B | 9/30/2016 | 1.6 | 1.2 | 251.b. | $600.00 |
| 8/24 – 8/29/2016 | Flare 23 | 10/25/2016 | 6.5 | 117.0 | 251.b. | $11,212.50 |
| 8/28 – 8/30/2016 | Flare 20 | 10/25/2016 | 0.6 | 49.0 | 251.b | $450.00 |
| 9/21 – 9/28/2016 | Flare 15 | 11/14/2016 | 2.0 | 152.0 | 251.b | $1,500.00 |
| 9/30 – 10/1/2016 | Flare 22 | 11/28/2016 | 1.5 | 23.5 | 251.b | $843.75 |
| 10/18 – 10/19/2016 | Flare 23 | 12/19/2016 | 0.8 | 26.1 | 251.b | $600.00 |
| 10/26/2016 | Flare 23 | 12/19/2016 | 5.4 | 9.4 | 251.b | $7,290.00 |
| 10/29 – 10/30/2016 | Flare 22 | 12/28/2016 | 0.8 | 9.1 | 251.b | $450.00 |
| 11/21 – 11/22/2016 | Flare 103B | 1/20/2017 | 1.2 | 31.5 | 251.b | $900.00 |
| 11/21 – 11/22/2016 | Flare 22 | 1/20/2017 | 0.3 | 5.10 | 251.b | $168.75 |
| 11/21 – 11/22/2016 | Flare 19 | 1/20/2017 | 1.6 | 31.5 | 251.b | $1200.00 |
| 1/6/2017 | Flare 23 | 3/7/2017 | 3.5 | 0.9 | 251.b | $1,312.50 |
| 1/7/2017 | Flare 23 | 3/7/2017 | 3.1 | 0.8 | 251.b. | $1,162.50 |
| 1/21/2017 | Flare 23 | 3/21/2017 | 0.3 | 14.1 | 251.b | $168.75 |
| 1/22/2017 | Flare 23 | 3/23/2017 | 1.2 | 19.1 | 251.b | $675.00 |
| 1/26 – 1/27/2017 | Flare 23 | 3/24/2017 | 10.9 | 23.1 | 251.b | $14,715.00 |
| 1/31/2017 | Flare 19 | 3/29/2017 | 1.8 | 2.4 | 251.b | $675.00 |
| 3/28/2017 | Flare 22 | 5/27/2017 | 1.0 | 6.4 | 251.b | $562.50 |
| 4/11 – 4/12/2017 | Flare 23 | 6/6/2017 | 5.6 | 12.6 | 251.b | $7,560.00 |
| 5/19/2017 | Flare 19 | 7/18/2017 | 0.6 | 1.4 | 250.c. | $225.00 |
| 5/19/2017 | Flare 22 | 7/18/2017 | 0.3 | 0.8 | 250.c. | $112.50 |
| 5/19/2017 | Flare 103 | 7/18/2017 | 1.0 | 1.4 | 250.c. | $375.00 |
| | | | | | **Total** | **$53,321.25** |

**Valero St. Charles Refinery**

| Tail Gas Incidents (TGIs) | | | | | | |
|---|---|---|---|---|---|---|
| Incident Date | Combustion Source | Report Date | Emission (tons) | Duration (hrs.) | Applicable CD Paragraph | Penalty Amount Assessed |
| 5/17/16 | 1600 Thermal Oxidizer | 7/15/16 | 1.0 | 2.5 | 251.b | $500 |
| 9/13/16 | 1600 Thermal Oxidizer | 11/10/16 | 0.4 | 2.5 | 252.b. | N/A |
| 11/4 – 11/5/16 | 1600 Thermal Oxidizer | 1/3/17 | 6.9 | 16 | 252.a. | N/A |
| | | | | | **Total** | **$500** |

**Stipulated Penalty Assessment Summary**

| | To United States | To Plaintiff-Intervenor, if applicable | Total |
|---|---|---|---|
| Hydrocarbon Incidents – Port Arthur Refinery | $53,321.25 | N/A | **$53,321.25** |
| Tail Gas Incidents – Port Arthur Refinery | $975.00 | N/A | **$975.00** |
| Tail Gas Incidents – St. Charles Refinery | $250 | $250 | **$500** |
| **Total:** | **$54,546.25** | **$250** | **$54,796.25** |

# ATTACHMENT B

**The following outlines EPA's reasoning in calculating the stipulated penalties:**

<u>**Valero Port Arthur Refinery**</u>
**Tail Gas and Hydrocarbon Flaring Incidents dated February 18, 2016, through May 19, 2017**

I. **Incidents that caused the total number of incidents in a rolling twelve-month period to exceed an allowable number [CD Paragraph 251.b.]**

Paragraph 251 of the CD provides, in part:

> 251. If the AG Flaring Incident, Tail Gas Incident or Port Arthur HC Flaring Incident is not a result of one of the root causes identified in Paragraph 250, then the stipulated penalty provisions of Paragraph 260(a) shall apply if the AG Flaring Incident, Tail Gas Incident or Port Arthur HC Flaring Incident:
>
> . . .
>
> b. With respect to any of the Premcor Refineries, causes the total number of Acid Gas Flaring Incidents in a rolling twelve (12) month period to exceed five (5) or causes the total number of Tail Gas Incidents in a rolling twelve (12) month period to exceed five (5), or, with respect to only the Port Arthur Refinery, causes the total number of Port Arthur HC Incidents in a rolling twelve (12) month period to exceed ten (10) for the first three (3) years following the Date of Entry of this Addendum or causes the total number of Port Arthur HC Incidents in a rolling twelve (12) month period to exceed five (5) thereafter. In the event that an Incident falls under both Paragraphs 250 and 251, then Paragraph 250 shall apply.

Valero Premcor Port Arthur Refinery reported a total of 20 hydrocarbon flaring incidents ("HCIs") dating from March 25, 2016, through April 11, 2017, which caused the total number of HCIs in a rolling twelve-month period to exceed five. These 20 HCIs resulted in a total release of 50.1 tons of $SO_2$.

EPA has determined that the reported HCIs exceeded the number of allowable HCIs in a rolling twelve-month period, in violation of CD Paragraph 251.b., and were not due to malfunctions. Accordingly, the stipulated penalty provisions of CD Paragraph 260(a) apply. EPA calculates a total penalty of $52,271.25.

## II. Flaring incidents for which the root cause resulted from careless operation by personnel [CD Paragraph 250.a.]

Paragraph 250 of the CD provides, in part:

> 250. The stipulated penalty provisions of Paragraph 260(a) shall apply to any Acid Gas Flaring or Tail Gas Incident at a Premcor Refinery, or Hydrocarbon Flaring Incident at the Port Arthur Refinery ("Port Arthur HC Flaring Incident"), for which the Root Cause was one or more of the following acts, omissions, or events:
>
> a. Error resulting from careless operation by the personnel charged with the responsibility for the Sulfur Recovery Plant, TGU, or Upstream Process Units;

On April 29, 2016, Valero reported a tail gas incident ("TGI") that began on March 11, 2016. The TGI lasted 20.0 hours and released 0.3 tons of $SO_2$. According to the report, during startup of Sour Water Stripper 8748, a slug of water vapor was sent to Sulfur Recovery Unit 546, which resulted in a sudden increase in the air ratio at the 700 Train of SRU 546. The Operator's response to this sudden change in the air ratio resulted in a safety instrumented trip of the 700 Train. Restart of the 700 Train was slowed due to a fouled fire eye glass which prevented the fire eye from detecting a flame causing a safety instrumented trip of pilot gas.

EPA has determined that this incident was an error resulting from carless operation by the personnel charged with the responsibility for the Sulfur Recovery Plant, TGU, or Upstream Process Units, *see* CD Paragraph 250.a. Accordingly, the stipulated penalty provisions of CD Paragraph 260(a) apply. EPA calculates a total penalty of $225.00.

## III. Flaring incident for which the root cause was a failure to operate and maintain a part, equipment, or system in a manner consistent with good engineering practices [CD Paragraph 250.c.]

Paragraph 250 of the CD provides, in part:

> 250. The stipulated penalty provisions of Paragraph 260(a) shall apply to any Acid Gas Flaring or Tail Gas Incident at a Premcor Refinery, or Hydrocarbon Flaring Incident at the Port Arthur Refinery ("Port Arthur HC Flaring Incident"), for which the Root Cause was one or more of the following acts, omissions, or events:
>
> . . .
>
> c. A failure of a part, equipment or system that is due to a failure by Premcor to operate and maintain that part, equipment or system in a manner consistent with good engineering practice;

On December 9, 2016, Valero reported a TGI that began on October 12, 2016, and ended October 13, 2016. The TGI lasted 14.0 hours and released 0.6 tons of $SO_2$. According to the report, emissions were the result of vessel purging operations and cool down activities that occurred during shutdown activities.

On December 9, 2016, Valero reported a TGI that occurred on October 25, 2016. The TGI lasted 13.0 hours and released 0.4 tons of $SO_2$. According to the report, emissions were the result of unit and incinerator warm up activities prior to and during the introduction of feed during SRU-545 start up.

On April 18, 2016, Valero reported a HCI that began on February 18, 2016. The HCI lasted 1.1 hours and released 0.9 tons of $SO_2$. According to the report, at SGRU 1242, the pressure relief valve on the Debutanizer Overhead System lifted to the flare during an overpressure event. The Depropanizer Feed Pumps P-2530A and B could not push product out of the tower due to having non-condensable vapors present.

On July 18, 2017, Valero reported three HCIs that began on May 19, 2017. The HCI from Flare 19 lasted 1.4 hours and released 0.6 tons of $SO_2$. The HCI from Flare 22 lasted 0.8 hours and released 0.3 tons of $SO_2$. The HCI from Flare 103 lasted 1.4 hours and released 1.0 ton of $SO_2$. According to the report, the absorber/stripper tower, T-2400, lost fractionation when the Absorber bottoms flooded, which caused light-end hydrocarbons to carryover to the Debutanizer Tower, T-2500, and the Rerun Tower, T-2700, causing the system to pressure up. A pressure safety valve on the Debutanizer Tower lifted, and a pressure controller valve on the Rerun Tower opened to the flare header, resulting in flaring at Flares 19, 22, and 103B. FGRU 7044 was online initially during the event but later tripped due to high liquid flow.

EPA has determined that the above TGIs and HCIs were each due to a failure of a part, equipment, or system that is due to a failure by Valero to operate and maintain that part, equipment, or system in a manner consistent with good engineering practices, *see* CD Paragraph 250.c. Accordingly, the stipulated penalty provisions of CD Paragraph 260(a) apply to these six incidents. EPA calculates a total penalty of $1,800.00.

### IV. Flaring incident for which the root cause was a first-time occurrence (no stipulated penalties assessed) [CD Paragraph 252.b]

Paragraph 252 of the CD provides, in part:

> 252. With respect to any AG Flaring Incident, Tail Gas Incident or Port Arthur HC Flaring Incident not identified in Paragraph 250 or 251, the following provisions shall apply:
>
> . . .
>
> b. <u>First Time</u>: If the Root Cause of the Incident was sudden and infrequent but reasonably preventable through the exercise of good engineering practices, then Premcor shall implement corrective

action(s) pursuant to Paragraph 245 and the stipulated penalty
provisions of Paragraph 260 shall not apply.

Valero reported two TGIs dated November 26-28, 2016, and April 3, 2017, and two HCIs beginning on May 17, 2016, which resulted in a total release of 9.2 tons of $SO_2$.

EPA has determined that the incidents discussed above were sudden and infrequent but reasonably preventable through the exercise of good engineering practices. Accordingly, they are first time occurrences under CD Paragraph 252.b., and the stipulated penalty provisions of CD Paragraph 260(a) do not apply.

**St. Charles Refinery, Louisiana**
**Tail Gas Incidents dated May 17, 2016, through November 4, 2016**

I.  **Incidents that caused the total number of incidents in a rolling twelve-month period to exceed an allowable number [CD Paragraph 251.b.]**

Paragraph 251.b. of the CD provides, in part:

> If the Flaring Incident is not a result of one of the root causes identified in Paragraph 250, then the stipulated penalty provisions of Paragraph 260 shall apply if the Incident:
> . . .
> b. Causes the total number of Acid Gas Flaring Incidents or, separately, Tail Gas Incidents in a rolling twelve (12) month period to exceed five (5). In the event that an incident falls under both Paragraphs 250 and 251, then paragraph 250 shall apply.

EPA has determined that the following incident caused the total number of TGIs in a rolling twelve-month period to exceed the allowable number, and that the stipulated penalty provisions of Paragraph 251.b. apply:

May 17, 2016 TGI

On July 15, 2016, Valero St. Charles Refinery reported a TGI that occurred May 17, 2016. It lasted 2.5 hours and resulted in a release of 1.0 ton of $SO_2$. The May 17, 2016 TCI is the sixth incident in a rolling twelve-month period.

EPA has determined that the May 17, 2016 TGI caused the total number of TGIs in a rolling twelve-month period to exceed five, in violation of CD Paragraph 251.b., and was not due to a malfunction. Accordingly, the stipulated penalty provisions of CD Paragraph 260.a. apply. Pursuant to CD Paragraphs 251.b. and 260.a., EPA calculates a total penalty of $500.

## II. Flaring incident for which the root cause was a malfunction (no stipulated penalties assessed) [CD Paragraph 252.a.]

Paragraph 252 of the CD provides, in part:

> 252. With respect to any Flaring Incident not identified in Paragraph 250 or 251, the following provisions shall apply:
>
> a. <u>Agreed Upon Malfunction</u>: If the Root Cause of the Incident was sudden, infrequent, and not reasonably preventable through the exercise of good engineering practice, then that cause shall be designated as an agreed-upon malfunction for purposes of reviewing subsequent Incidents, and the stipulated penalty provisions of Paragraph 260 shall not apply.

EPA has determined that the root cause of the following incident was an agreed-upon malfunction:

### November 4, 2016 TGI

On January 3, 2017, Valero reported a TGI that began on November 4, 2016, and ended on November 5, 2016. The TGI lasted 16 hours and released 6.9 tons of $SO_2$. According to the report, the TGI occurred as a result of a malfunction in the sulfur recovery unit during a planned shutdown, where the elevated $SO_2$ emissions were attributed to a leak in one of the primary shut-off valves of the thermal oxidizers.

EPA has determined that the root cause of the TGI was sudden, infrequent, and not reasonably preventable through the exercise of good engineering practices. Accordingly, the root cause is a malfunction under CD Paragraph 252.a., and the stipulated penalty provisions of Paragraph 260 do not apply.

## III. Flaring incident for which the root cause was a first-time occurrence (no stipulated penalties assessed) [CD Paragraph 252.b.]

Paragraph 252 of the CD provides, in part:

> 252. With respect to any Flaring Incident not identified in Paragraph 250 or 251, the following provisions shall apply:
> . . .
> b. <u>First Time</u>: If the Root Cause of the Incident was sudden and infrequent but reasonably preventable through the exercise of good engineering practices, then Valero or Tesoro shall implement corrective action(s) pursuant to Paragraph 245 and the stipulated penalty provisions of Paragraph 260 shall not apply.

EPA has determined that the root cause of the following incident was a first-time occurrence:

September 13, 2016 TGI

On November 10, 2016, Valero reported a TGI that occurred on September 13, 2016. The incident lasted 2.5 hours and released 0.4 tons of $SO_2$ from the 1600 Thermal oxidizer. According to the report, the incident occurred as a result of an upset at the sulfur recovery plant.

EPA has determined that the root cause of the TGI was sudden and infrequent but reasonably preventable through the exercise of good engineering practices. Accordingly, this incident was a first-time occurrence under CD Paragraph 252.b., and the stipulated penalty provisions of Paragraph 260 do not apply.